UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                    Case No. 8:19-bk-08638-CPM

THE PRODUCERS, INC.,                          Chapter 7

                      Debtor.
_____/

### CHAPTER 7 TRUSTEE, LARRY S. HYMAN'S, APPLICATION TO EMPLOY JEFFREY M. GABRIEL AND SAW.COM AS DOMAIN NAME BROKER AND PORTFOLIO MANAGER

LARRY S. HYMAN (the "Trustee"), as Chapter 7 Trustee of the bankruptcy estate of THE PRODUCERS, INC. (the "Debtor"), by counsel, hereby files his *Application To Employ Jeffrey M. Gabriel And Saw.com As Domain Name Broker And Portfolio Manager* pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, and states in support thereof as follows:

A.    **BACKGROUND**

1.    On September 12, 2019 (the "Petition Date"), DNC Holdings, Inc. filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor with the Clerk of this Court.

2.    The Debtor consented to entry of an Order for Relief on November 11, 2019 and the Court entered the Order on December 3, 2019.

3.    On or about December 3, 2019, Larry S. Hyman was appointed as Chapter 7 Trustee of the Debtor's estate and he continues to serve in such capacity.

4.    The Debtor's meeting of creditors was conducted and concluded on January 7, 2020.

5.    On April 23, 2020, the Trustee filed an *Expedited Motion For Turnover Of Domain Names, Domain Name Revenue, And Recorded Information From Gregory G. Faia, Vernon H.*

*Decossas, III, And All Entities Owned Or Operated By Them* (Doc. 144 – the "Turnover Motion"). The Turnover Motion pertained to, among other things, the Debtor's ownership of 39,688 to 82,785 domain names (the "Complete Domain Name Portfolio"). *Id.*, Exhibits 1 and 2.

6.      During the April 29, 2020 preliminary hearing on the Turnover Motion, the Respondents[1] stated that they did not oppose the relief sought therein and agreed to turnover the Complete Domain Name Portfolio to the Trustee.

7.      Unfortunately, disputes then arose between the Trustee and the Faia Decossas Parties concerning the terminology contained in the proposed turnover order, and delayed entry of the order until June 12, 2020 (Doc. 241 – the "Turnover Order").

8.      Despite the Faia Decossas Parties' agreement to turnover the Complete Domain Name Portfolio on April 29, 2020 and eventual entry of the Turnover Order on June 12, 2020, the Faia Decossas Parties did not provide the Trustee with any access credentials for any names included in the portfolio until on or about July 1, 2020.  At such time, the Faia Decossas Parties provided the Trustee with access credentials to approximately 40,000 names (the "Partial Domain Name Portfolio").

9.      According to the Faia Decossas Parties, Go Daddy recently provided them with an appraisal reflecting that approximately 15,000 names in the Partial Domain Name Portfolio had a fair market value ranging from $19 million to $40 million.

10.     Due to the Trustee's lack of technical expertise with regard to domain name assets, he seeks court authorization to employ Jeffrey M. Gabriel and Saw.com as domain name broker and portfolio manager for the Partial Domain Name Portfolio.

---

[1] The term "Respondents" refers to Gregory G. Faia and Vernon H. Decossas, III as well as all entities owned and/or operated by them including, but not limited to, DNC Holdings, Inc., Domain Apps, LLC, Faia Development Group, LLC, Faia and Associates, LLC, Ads Squared, LLC, Keypath, LLC, Sea Wasp, LLC, DOM Holdings, Inc., DOT Holding, Inc., Professional Affiliates, LLC, DSE Leasing, LLC, Visual Ad Group, Inc., and Savvy Investments (together, the "Faia Decossas Parties").

112210552.v1

**B.      JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

11.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

12.      The statutory predicates for, and rules applicable to the relief sought in this application are 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014 and 2016.

**C.      RELIEF SOUGHT**

13.      The Trustee is seeking court authorization to employ Jeffrey M. Gabriel and Saw.com as domain name broker and portfolio manager for the Partial Domain Name Portfolio.

14.      As set forth in the proposal attached hereto as ***Exhibit 1***, Mr. Gabriel has significant knowledge and experience acting as a domain name broker, portfolio manager, and appraiser.

15.      The services to be rendered by Mr. Gabriel would not be duplicative in any manner with the services performed and to be performed by any other current or proposed professionals to be employed by the Trustee.   Mr. Gabriel would also endeavor to avoid duplication of services to the maximum extent possible.

16.      The Trustee believes that Mr. Gabriel is uniquely qualified and able to serve as domain name broker and portfolio manager for the Partial Domain Name Portfolio in a cost-effective, efficient and timely manner.

17.      To the best of the Trustee's knowledge, information and belief, Mr. Gabriel does not have any connection with or any interest materially adverse to the Debtor, the Debtor's estate, the Debtor's creditors, or any other party in interest herein or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United

States Trustee, except as disclosed in his declaration (the "Gabriel Declaration") attached hereto as *Exhibit 2*.

18.    Mr. Gabriel is also a "disinterested person" as such term is defined in Section 101(14) of the Bankruptcy Code and as required by Section 327(a) of the Bankruptcy Code.  The Trustee's knowledge, information and belief regarding the matters set forth in the Application are based on, and made in reliance on, the Gabriel Declaration.

19.    Mr. Gabriel is willing to serve as domain name broker and portfolio manager and to subject himself to supervision by this Court.

20.    As more fully set forth in Exhibit 1, the Trustee has agreed to compensate Mr. Gabriel as follows (subject to court approval):

 a) Sorting, Appraising, Pricing Services: $150.00 per hour with a 10-hour cap assuming correct and complete historical information concerning the Partial Domain Name Portfolio is provided by the Faia Decossas Parties to the Trustee;

 b) Tier 1: Super Premium Strategy: 15% of net purchase price or $500.00, whichever is greater;

 c) Tier 2: Premium Strategy: 12.5% of net purchase price or $250.00, whichever is greater;

 d) Tier 3: Traffic Domains Strategy: 10% of net purchase price; and

 e) Tier 4: Liquidation Strategy: 10% listing and reporting charge; and

 f) 3rd Party Listing Sites Strategy: 10% charge.

21.    Mr. Gabriel will apply to this Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure, the Local Rules of this Court, any applicable orders of this Court regarding compensation of professionals, and the U.S. Trustee's Guidelines.

22.     The Trustee believes that the employment of Mr. Gabriel as domain name broker and portfolio manager would be in the best interest of the Debtor's estate and its creditors.

23.     No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests the Court to enter an Order authorizing the employment of Jeffrey M. Gabriel and Saw.com as domain name broker and portfolio manager for the Partial Domain Name Portfolio and for such further relief as the Court may deem appropriate.

Respectfully submitted,

FOX ROTHSCHILD LLP
*Special Counsel to the Trustee*
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2750
Miami, FL 33131
Telephone: (305) 442-6543
Telecopier: (305) 442-6541

By: /s/  Robert F. Elgidely
     Robert F. Elgidely, Esq.
     Florida Bar No. 111856
     E-Mail: relgidely@foxrothschild.com

112210552.v1

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on July 13, 2020, I electronically filed the foregoing *Chapter 7 Trustee, Larry S. Hyman's, Application To Employ Jeffrey M. Gabriel And Saw.com As Domain Name Broker And Portfolio Manager* with the Clerk of the Court using the CM/ECF System. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means and a copy was also served via first class mail on all parties identified on the attached Service List who are not registered users of the Court's CM/ECF system.

By: /s/ Robert F. Elgidely
      Robert F. Elgidely, Esq.

112210552.v1