UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                Case No. 8:19-bk-08638-CPM

THE PRODUCERS, INC.,                                       Chapter 7

        Debtor.
_____/

**DECLARATION OF JEFFREY M. GABRIEL, ON BEHALF OF SAW.COM, IN SUPPORT OF CHAPTER 7 TRUSTEE, LARRY S. HYMAN'S, APPLICATION TO EMPLOY DOMAIN NAME BROKER AND PORTFOLIO MANAGER**

Jeffrey M. Gabriel, pursuant to 28 U.S.C. § 1746, hereby deposes and states:

1. I am a co-founder and owner of Saw.com, an industry-leading boutique brokerage specializing in acquiring, selling, and appraising domains. Saw.com's offices are located at 37 South Street, Northborough, MA 01532.

2. I am familiar with the matters set forth herein and make this Declaration in support of Larry S. Hyman's (the "Trustee") *Application To Employ Jeffrey M. Gabriel And Saw.com As Domain Name Broker And Portfolio Manager* (the "Employment Application").

3. In support of the Employment Application, I disclose the following:

    a. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

    b. When presented with this opportunity, the Trustee inquired whether I had any past, current, or anticipated future dealings or relationship with any of the following parties: (i) The Producers, Inc. (the "Debtor"); (ii) Sigmund Solares; (iii) Michael Gardner; (iv) Vernon Decossas; (v) Gregory G. Faia; (vi) DNC Holdings, Inc.; (vii) Domain Apps, LLC; (viii) Faia Development Group, LLC; (ix) Faia and Associates, LLC; (x) Ads Squared, LLC; (xi) Keypath, LLC; (xii) Sea Wasp, LLC; (xiii) DOM Holdings, Inc.; (xiv)

112226538.v1

# EXHIBIT 2

2

DOT Holding, Inc.; (xv) Professional Affiliates, LLC; (xvi) DSE Leasing, LLC; (xvii) Visual Ad Group, Inc.; (xviii) Savvy Investments; (xix) Snow Turtles Ltd.; and/or (xx) any other creditors in the above-captioned case (together, the "Interested Parties"). The facts stated in this Declaration as to the relationship between Saw.Com and the Interested Parties, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of Title 11 of the United States Code (the "Bankruptcy Code"), are based on the results of my review of Saw.com's business records.

    c.     During my ten months of employment with Saw.com, I have become familiar with the business records it maintains. Saw.com maintains business records which are: (1) made at or near the time of the occurrence of the matters reflected therein, by, or from, information transmitted by a person with knowledge of those matters; (2) kept in the course of regularly conducted business activity; and (3) made in the regularly conducted activity as a regular practice.

    d.     According to my review of Saw.com's business records, Saw.com neither holds nor represents any interest adverse to the Debtor and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code in respect of the matters upon which the Trustee proposes to employ Saw.com.

5.     Neither I nor Saw.com has or will represent any other entity in connection with this case, and neither I nor Saw.com will accept any fee from any other party or parties in this case, except the Trustee, unless otherwise authorized by the Court.

6.     The professional fees and costs to be incurred by Saw.com in the course of its representation of the Trustee in this case shall be subject in all respects to the application and notice

# EXHIBIT 2

requirement of Sections 330 and 331 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

7. As more fully set forth in Exhibit 1, Saw.com has agreed to be compensated by the Trustee for its services in this case as follows (subject to court approval):

    a) <u>Sorting, Appraising, Pricing Services</u>: $150.00 per hour with a 10-hour cap assuming the receipt of correct and complete historical information concerning the subject domain name portfolio;

    b) <u>Tier 1: Super Premium Strategy</u>: 15% of net purchase price or $500.00, whichever is greater;

    c) <u>Tier 2: Premium Strategy</u>: 12.5% of net purchase price or $250.00, whichever is greater;

    d) <u>Tier 3: Traffic Domains Strategy</u>: 10% of net purchase price; and

    e) <u>Tier 4: Liquidation Strategy</u>: 10% listing and reporting charge; and

    f) <u>3rd Party Listing Sites Strategy</u>: 10% charge.

8. There is no agreement of any nature as to the sharing of any compensation to be paid to Saw.com, except between the owners, officers, directors, and employees of Saw.com. No promises have been received by Saw.com, nor any owner, officer, director, or employee thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

9. No owner, officer, director, or employee of Saw.com has any interest, direct or indirect, that may be affected by the proposed representation.

# EXHIBIT 2

4

10. Except as set forth herein, no owner, officer, director, or employee of Saw.com has had or presently has any connection with the Debtor or the estate on any matters in which Saw.com is to be employed.

11. This concludes my Declaration.

### 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 13, 2020

/s/ Jeffrey M. Gabriel
Jeffrey M. Gabriel

# EXHIBIT 2