## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:                                                                CASE NO. 8:19-bk-08638-CPM

THE PRODUCERS, INC.,                                  CHAPTER 7

      Debtor.
_____/

### MOTION FOR RECONSIDERATION,
### OR IN THE ALTERNATIVE, CLARIFICATION OF ORDER
### APPROVING APPLICATION TO EMPLOY/RETAIN JEFFREY M. GABRIEL
### AND SAW.COM AS DOMAIN NAME BROKER AND PORTFOLIO MANAGER

Gregory Faia, Vernon Decossas, DNC Holdings, Inc., Domain Apps, LLC, Faia and Associates, LLC, Faia Development Group, LLC, and ADS Squared, LLC ("Movants"), pursuant to Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023, and Fed. R. Civ. P. 60, made applicable by Fed. R. Bankr. P. 9024, seek reconsideration or clarification of the Court's July 14, 2020 *Order Approving Application to Employ/Retain Jeffrey M. Gabriel and Saw.com as Domain Name Broker and Portfolio Manager* (Doc. 291) (the "Gabriel Order").[1]

### PRELIMINARY STATEMENT

1.    Movants seek reconsideration or clarification of the Gabriel Order for a number of important reasons. This Court entered the Gabriel Order without a hearing one day after the Trustee filed his related Employment Application. As currently drafted, the Gabriel Order simply approves the terms of an Employment Application that lacks clarity on many material terms, including:

---

[1] Based upon a meet and confer call, Movants believe the Trustee does not have a substantive objection to the relief sought in this motion. Rather, the Trustee required more time to analyze an order at the time this Motion had to be filed to timely seek reconsideration and clarification.

1

  a. Is the Trustee employing Gabriel and Saw.com ("Gabriel") as a domain manager? If so, what does that role entail and how is he compensated? The Employment Application contains insufficient details in this regard notwithstanding the title of the Employment Application.

  b. Gabriel's *Declaration on Behalf of Saw.com, In Support of the Trustee's Application to Employ Domain Name Broker and Portfolio Manager* (Doc. 290-2) (the "Declaration") is materially insufficient. It fails to reference key entities to this proceeding, namely Voodoo.com and DVLPMNT Marketing, Inc., which formerly owned all 39,000+ domain names Gabriel will sell. Worse, Gabriel states that he was asked about relationships with parties to this Case but does not state if he does or does not have such a relationship. The Gabriel Declaration is generally valueless in terms of such disclosures.

  c. It is unclear how Gabriel will be paid for his brokerage services.

  d. It is unclear if the Trustee intends for Gabriel to sell any domain names without a Court-approved sale procedure, notice to parties in interest, or further order of this Court. Related, it is unclear how Gabriel will determine which domain names fall into which of the various Tiers that determine his compensation for any sales. This information is critical to understanding how Gabriel will be compensated. Alternatively, if all of these sale issues are reserved for a subsequent application, that should be clarified.

## BACKGROUND

  2. On July 13, 2020, the Trustee filed his *Application to Employ Jeffrey M. Gabriel and Saw.com as Domain Name Broker and Portfolio Manager* (Doc. 290) (the "Employment Application") seeking Court authorization to employ Jeffrey M. Gabriel and Saw.com as "domain name broker and portfolio manager" for certain domain names owned by the estate (the "Domain

Name Portfolio"). As set forth herein, the Employment Application lacks precision on a number of important terms.

3. The next day, Movants reached out to the Trustee to seek clarification on these ambiguities. The Trustee did not initially provide clarification nor advise Movants of any uploaded proposed order.

4. Later that afternoon, this Court entered the Gabriel Order without hearing. The Gabriel Order simply approved the Employment Application.

5. On July 17, during a meet and confer concerning these issues, the Trustee advised the Movants that he agreed with the Movants about their concerns over the Employment Application's shortcomings and agreed to amend the Gabriel Order consistent with these concerns. The Trustee's assurances included (1) making clear Gabriel is the domain manager, what that role entails, and the compensation, (2) that all domain sales would be subject of motion practice (sales procedures, notice, opportunity to object, court supervision), and (3) that Gabriel would submit a more detailed declaration.

6. On July 21, Movants provided the Trustee with a proposed amended order that they believe contains the foregoing. Trustee has indicated that he still requires additional time to review that draft order.

7. While Movants would like to provide the Trustee with additional time, the deadline for seeking to amend the Gabriel Order has nearly run.

### ARGUMENT

8. A motion for reconsideration may be considered under either Rule 59(e), made applicable by Fed. R. Bankr. P. 9023, or Rule 60(b), made applicable by Fed. R. Bankr. P. 9024. A motion to alter or amend an order or judgment under Rule 59 must be filed no later than 14 days

after entry of the subject order or judgment. *See* Fed. R. Bankr. P. 9023. A motion seeking relief from a judgment or order under Rule 60(b) must be filed within a reasonable time after entry of the subject judgment or order. *See* Rule 60(c)(1). This motion is timely filed under both Rule 59 and 60.

9. Under Rule 59, a court may grant a motion to alter or amend an order or judgment if the movant presents: (1) newly discovered evidence that was not available at the time of trial, or (2) evidence in the record that clearly establishes manifest error of law or fact. *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999) (citing *In re Investors Fla. Aggressive Growth Fund, Ltd.*, 168 B.R. 760, 768 (Bankr. N.D. Fla. 1994)). Under Rule 60(b)(2) and (6), a court may relieve a party from a judgment or order for "newly discovered evidence" or "any other reason that justifies relief."

10. Motions for reconsideration under Rules 59 and 60 are "not designed to furnish a vehicle by which a disappointed party may **reargue matters already argued** and disposed of . . ." *In re Homestead Partners, Ltd.*, 201 B.R. 1014, 1017 (Bankr. N.D. Ga. 1996) (emphasis added).

11. The Movants do not seek to **reargue** this matter, but instead seek to present its comments as to the Employment Application for the first time. There are a number of reasons that justify relief from the Gabriel Order that was entered merely one day after the Application was filed. These are issues that would have been brought to the Court's attention prior to entry of the Gabriel Order's entry, and in fact were raised to the Trustee prior to entry of that Gabriel Order.

12. These circumstances justify the entry of an amended or clarifying order on these issues.

13. Given the importance of the Employment Application to sale of the Domain Name Portfolio, the Movants should have been given a reasonable opportunity to discuss the merits with the Trustee, and if unable to get adequate clarification, to file an objection.

WHEREFORE, Movants respectfully request that their Motion for Reconsideration, or in the alternative, for Clarification be granted.

Respectfully submitted,

| **JONES WALKER LLP** | **TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.** |
|---|---|
| /s/ Michael W. Magner | /s/ Ryan K. French |
| Michael W. Magner | Ryan K. French, Bar # 34555 |
| Louisiana Bar Roll No. 01206, *pro hac vice* | ryan.french@taylorporter.com |
| 201 St. Charles Avenue, Suite 5100 | 450 Laurel Street, 8th Floor (70801) |
| New Orleans, LA 70170 | P. O. Box 2471 |
| Telephone: (504) 582-8316 | Baton Rouge, LA 70821 |
| Facsimile: (504) 589-8316 | Tel: (225) 381-0262 |
| Email: mmagner@joneswalker.com | Fax: (225) 215-8741 |
| | |
| *Attorneys for Faia Development Group, LLC; Faia & Associates, LLC; and Gregory G. Faia* | *Attorneys for Creditor DNC Holdings, Inc., Domain Apps, LLC, Ads Squared, LLC, and Vernon Decossas* |
| **UNDERWOOD MURRAY P.A.** | **CARLTON FIELDS, P.A.** |
| /s/ Scott A. Underwood | /s/ Donald R. Kirk |
| Scott A. Underwood (FBN 0730041) | Donald R. Kirk (FBN 0105767) |
| 100 North Tampa Street, Suite 2325 | Kevin P. McCoy (FBN 36225) |
| Tampa, FL 33602 | E-mail: dkirk@carltonfields.com |
| Tel: (813) 540-8402 / Cell: (813) 992-8148 | E-mail: kmccoy@carltonfields.com |
| Email: sunderwood@underwoodmurray.com | P.O. Box 3239 |
| | Tampa, FL 33601-3239 |
| *Attorneys for Creditor DNC Holdings, Inc., Domain Apps, LLC, Ads Squared, LLC and Vernon Decossas* | Telephone: (813) 223-7000 |
| | Facsimile: (813) 229-4133 |
| | |
| | *Attorneys for Faia Development Group, LLC; Faia & Associates, LLC; and Gregory G. Faia* |

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically through the Court's CM/ECF system on July 27, 2020, which provides notice to all counsel of record by electronic means.

*/s/ Scott A. Underwood*
Scott A. Underwood