**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

The Producers, Inc.,                                Case No.: 8:19-bk-08638-CPM
                                                    Chapter 7 Case
         Debtor.
_____/

**SECOND AMENDED**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: **Google, LLC**
    c/o Corporation Service Company
    1201 Hays Street
    Tallahassee, FL 32301-2525

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following original documents or objects at the place, date, and time specified below (list documents or objects). If the documents are stored or utilized in electronic form, you may send them in the same electronic form to conserve costs and resources. You must obtain prior authorization, in writing, from the issuing attorney should your total charges relating to the production of the requested records exceed $50.00.: **SEE ATTACHED EXHIBIT A.**

| PLACE | DATE AND TIME |
|---|---|
| Shumaker, Loop & Kendrick<br>101 E. Kennedy Blvd., Suite 2800<br>Tampa, FL 33602 | SEPT. 18, 2020 at 9:00 a.m. ET |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TIME | DATE |
|---|---|
| *[signature]* | AUGUST 26, 2020 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steven M. Berman , Esq., 101 E. Kennedy Blvd., Ste. 2800, Tampa, FL  33602
Ph: (813) 229-7600
Attorney for Sigmund Solares

Robert Elgidely, Esq., 2 South Biscayne Boulevard, Ste. 2750, Miami, FL 33131
Ph: (305) 442-6543
Attorney for the Chapter 7 Trustee

## EXHIBIT A

### INSTRUCTIONS

1.      If any portion of any document is responsive to any request, please produce the entire document.  Documents produced pursuant to this request should be produced in the order in which they appear in your files and shall not be shuffled or otherwise rearranged.  Documents that in the original condition are stapled, clipped, or otherwise fastened together shall be produced in such form.  Please advise in writing, as to each document produced, the particular document request herein to which the document is responsive.

2.      For each document or portion thereof withheld under a claim of privilege or other doctrine, submit a sworn and certified statement from a person(s) with competent knowledge of the relevant facts, identifying the document by author, addressee, nature (*i.e.*, letter, memorandum, etc.), date, number of pages, and subject matter; specifying the nature and the claim of privilege in the paragraph(s) of this request to which a document is responsive; stating the facts giving rise to the claimed privilege; and identifying each person to whom the document or its contents, or any part thereof, has been disclosed.

3.      Identify the source of each of the documents you produced.

4.      These requests are deemed to be continuing in nature.  If at any later date you identify, locate or obtain any additional documents different from those you produced in response to these requests, promptly notify the undersigned counsel of the existence of such documents and permit their inspection and copying within a reasonable time period.

5.      Electronically Stored Information ("ESI") shall be produced in a reasonably useable format, consisting of (a) Type IV single page tiff files, each named the same as the corresponding document's identification number (or "Bates stamp"), (b) searchable, full text files, at the document level, each named the same as the corresponding document's identification number, and (c) image load files compatible with Relativity. For each imaged file, metadata information shall be provided to an associated Relativity metadata load file. Where possible, searchable, full text files corresponding to electronic documents shall be extracted from the electronic documents in their native formats. ESI should be produced in its native format when an imaged file does not adequately represent the documents as maintained in the ordinary course (such as spreadsheets, databases, Intranets and PowerPoint files) or when the document could he better understood in native electronic format. A slip-sheet shall be provided where a native file cannot be imaged. Solares reserves the right to request any ESI in native format if the imaged form does not provide enough detail or could he better understood in native electronic form. Moreover, you are hereby directed to preserve unaltered all computer, storage, hard drive or other media on which any ESI resides and existed as of the Petition Date.

6.      If you have any questions regarding the scope, meaning or intent of this request for documents, please promptly contact counsel in writing.

7.      Documents may be produced electronically in lieu of physical delivery at counsel's office. Please contact Steven Berman at (813) 227-2332 or Seth Traub at (813) 227-2232 to coordinate production.

**DOCUMENT REQUEST**

Unless otherwise stated, the time frame for the below requests are from January 1, 2012 to date.

1. The full name, complete physical and/or postal address, telephone number, cell phone number, e-mail address, and/or fax number for the person or entity that registered and is currently using or has previously used the email address dvlpmntltd@gmail.com.

2. The IP address of any person or entity that logged in to the email address dvlpmntltd@gmail.com along with a log of anything deleted from the email account on each log in.

3. All known IP addresses of any person or entity that has previously used the email address dvlpmntltd@gmail.com.

4. The recovery of any email deleted from the email account dvlpmntltd@gmail.com.

5. Records of anyone who deleted the email sent or received by the email address dvlpmntltd@gmail.com.

6. The identity of anyone (or their IP address) who deleted any emails from the dvlpmntltd@gmail.com account between Sept. 12, 2019 and July 22, 2020, as well as the date and time of the deletion.

7. Any other account or other personal identifying information in your possession relating to the email address dvlpmntltd@gmail.com.

8. A log of who deleted any email relating to the email address dvlpmntltd@gmail.com.

9. Any records of Google Takeout being used on the account dvlpmntltd@gmail.com.

10. Any records of IMAP being used on the account dvlpmntltd@gmail.com.

11. Subscriber information, including name(s) associated with the account and any user/account name(s), and account creation date.

12. All contact information, including any recovery email addresses, phone numbers or contact information, for each holder of dvlpmntltd@gmail.com (the "Subscriber").

13. A list identifying any and all other service accounts that Subscriber had with Google, including but not limited to any Gmail or Google Drive accounts related to or associated with dvlpmntltd@gmail.com.

14. Historical login records for Subscriber and/or the email account dvlpmntltd@gmail.com, including login dates and times and IP addresses.

15. Any policies or activities concerning the frequency of backup operations and retention periods of data pertaining to Subscriber.

###