**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

The Producers, Inc.                    Case No.: 8:19-bk-08638-CPM
                                       Chapter 7 Case
　　　Debtor.
_____/

**MICHAEL GARDNER AND SIGMUND SOLARES' LIMITED OBJECTION
TO TRUSTEE'S *EXPEDITED* MOTION FOR ENTRY OF AN ORDER AUTHORIZING
CHAPTER 7 TRUSTEE, LARRY S. HYMAN, TO SELL CERTAIN DOMAIN-NAME
ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**
**(DOC. 430)**

Michael Gardner ("Gardner") and Sigmund Solares ("Solares"), by and through their respective undersigned counsel, file this Limited Objection to the Trustee's Expedited Motion for Entry of an Order Authorizing Chapter 7 Trustee, Larry S. Hyman, to Sell Certain Domain-Name Assets Free and Clear of All Liens, Claims and Encumbrances (Doc. 430) ("Motion"), and in support states:

**PRELIMINARY STATEMENT**

Gardner and Solares, the two co-founders and owners of the Debtor and the Domain Name Portfolio business (sometimes referred to herein as the "Portfolio Business"), preliminarily oppose the Trustee's Motion because the Trustee seeks to sell a portion of the Portfolio Business, specifically the highly valuable "Premium Tier Names," without either establishing or sharing the reserve prices with Gardner and Solares and without soliciting their assistance in setting same.  *See* Doc. 430 at ¶ 11.  Gardner and Solares simply cannot make a knowledgeable objection to a sale of any of the "Premium Tier Names" as a group or individually if Gardner and Solares do not know the reserve pricing, *i.e.*, how little the Trustee is willing to accept for each asset of the business.

1

Knowledge of reserve pricing and participation in the setting of the same is especially important here because the value of assets already in the estate (*i.e.*, the Portfolio Business) far exceeds the value of outstanding claims (as demonstrated by the Trustee's Motion, which lists just 3,716 of the estate's approximately 40,000 domain names for sale for roughly $62.5 million—approximately $54 million more than the roughly $8.5 million in outstanding claims). *See* Doc. 430–1.

Gardner and Solares, as the owners of the Portfolio Business, have a substantial interest in seeing that the Trustee and his professionals exercise good business judgment so that their business and its assets are not needlessly dissipated or depleted. They simply cannot do so without knowledge of the reserve pricing and the ability to participate in the setting of same.

### I.  BACKGROUND AND ARGUMENT

1. As the Court will recall, Solares and Gardner did not engineer this Chapter 7 bankruptcy. Solares and Gardner were not trying to avoid debts. Rather, DNC Holdings, Inc. ("DNC") engineered this bankruptcy filing as a means of delaying Solares' state court lawsuit against DNC, its alleged principals, Gregory Faia and Vernon Decossas, and several of their other alleged entities.

2. DNC did so by filing an involuntary petition against the Debtor, an entity over which Messrs. Decossas and Faia maintained complete control, seeking the repatriation of the Portfolio Business from Dvlpmnt Marketing, Inc. ("Dvlpmnt"), another entity over which they maintained complete control.

3. The reality is that Messrs. Decossas and Faia, the accountant and lawyer, advisors to Solares and Gardner and their entities, including the Debtor and Dvlpmnt, held the Debtor and

Dvlpmnt hostage during the state court litigation and that, when the time came for their further delay, they used those entities to engineer this bankruptcy.

4. Solares and Gardner never intended for their Portfolio Business to be liquidated, and they certainly did not intend for it to be auctioned off for pennies on the dollar.

5. In the Trustee's Motion, the Trustee proposed listing 3,716 of the "Premium Tier Names" within the Portfolio Business for sale for approximately $62.5 million.

6. The Trustee also proposed not disclosing the reserve prices on those names.

7. The Trustee also proposed the sale of 3,190 "Liquidation Tier Names," but, for those names, he disclosed their reserve prices.

8. Thus, the Trustee understands the importance of having and disclosing reserve prices.

9. The only Proofs of Claim filed in this case were filed by Solares, Gardner, Donald Simonton, and DNC. Together, those claims equal approximately $8.5 million.

10. As shown in the Trustee's own filing, the value of the 3,716 "Premium Tier Names" the Trustee seeks to sell—which constitutes less than 1/10th of the names in the Portfolio Business—exceeds the value of the Proofs of Claim by approximately $54 million.

11. Thus, this will certainly be a surplus estate.

12. As the only stakeholders in the Portfolio Business in this Chapter 7 case, Solares and Gardner are interested parties, and have a right to transparency in the auction process.

13. Here, that should include having input in setting reserve prices for each domain name. That would permit Solares and Gardner to intelligently evaluate potential sales and confirm that the Trustee is exercising sound business judgment and maximizing the estate.

14. As things stand, the Trustee has not shared any reserve pricing on the "Premium Tier Names." Solares and Gardner should have input in setting reserve pricing as they have the residual economic interest in the Portfolio Business. That input should inform Saw's "professional judgment." Doc. 430 at ¶ 11. Although Solares and Gardner agree that the Trustee is entitled to some business judgment deference, as even the Trustee recognizes, the Court, and those with a legitimate interest like Solares and Gardner, should be entitled "to determine independently whether the judgment is a reasonable one." Doc. 430 at ¶ 17.

15. Solares, Gardner, and the Court simply cannot make such a determination without knowing the reserve pricing because they would have no metric (the reserve pricing) by which to judge the relative reasonableness of the Trustee's decision.

16. Solares and Gardner propose they, and Messrs. Faia and Decossas (or their representatives), within a reasonable time (whatever the Court deems appropriate), each propose a reserve price for each of the names propose to be sold by the Trustee. If the reserve proposed by Solares and Gardner, Mssrs Faia and Decossas and the Trustee are all within 7.5% of each other, the Trustee would be authorized to sell the proposed name at any amount at or greater than the average of those three sets of reserve prices falling within 7.5% of each other. If there is disagreement and the respective reserve figures are more than 7.5% apart, each of the Solares/Gardner, Faia/Decossas and Trustee constituencies would submit their proposed reserve pricing to the Court along with evidence supporting the figure, and the Court could then set the reserve figure on a domain by domain basis.

17. A wholesale rush to a fire sale is in no parties' best interests and the foregoing approach is both consistent with the Chapter 7 Trustee's statutory mandate to both liquidate, but also to maximize, the Chapter 7 estate.

Dated: September 9, 2020.

Respectfully submitted,

SHUMAKER, LOOP & KENDRICK, LLP

*/s/ Steven M. Berman*
STEVEN M. BERMAN
Florida Bar No. 856290
E-mail: sberman@shumaker.com
101 East Kennedy Blvd., Suite 2800
Tampa, Florida 33602
Phone: (813) 229-7600; Fax (813) 229-1660

- and -

*/s/ Stephen M. Huber*
STEPHEN M. HUBER
Louisiana Bar No. 24463
*Admitted Pro Hac Vice*
Email: stephen@huberthomaslaw.com
HUBER THOMAS & MARCELLE
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Phone (504) 274-2500; Fax (504) 910-0838
*Attorneys for Sigmund Solares*

-and-

*/s/ Herbert R. Donica*
Herbert R. Donica, Esq.
Florida Bar No. 841870
DONICA LAW FIRM, P.A.
238 East Davis Boulevard, Suite 209
Tampa, FL 33606
Telephone: (813) 878-9790
Facsimile: (813) 878-9746
e-mail: herb@donicalaw.com
*Counsel for Michael Gardner*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2020 a true and correct copy of the foregoing was served to all counsel of record via CM/ECF.

/s/ Steven M. Berman
STEVEN M. BERMAN
