**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:   Case No. 8:19-bk-08638-CPM

THE PRODUCERS, INC.,   Chapter 7

      Debtor.
_____/

**EMERGENCY MOTION FOR PROTECTIVE ORDER**
**CONCERNING RULE 2004 EXAMINATION OF GREGORY FAIA**

**[EMERGENCY HEARING REQUESTED PURSUANT TO LOCAL RULE 9013-1(d)]**

    Gregory G. Faia ("**Faia**") files this *Emergency Motion for Protective Order Concerning Rule 2004 Examination of Gregory Faia* pursuant to Federal Rules of Bankruptcy Procedure 7016 and 7026, as applicable, and Local Rules 2004-1(e) and 9013-1(d).  Faia requests a protective order either continuing his 2004 Examination currently scheduled for September 14-15, 2020, or permitting him to appear for his Rule 2004 examination remotely in light of his continuing COVID-19 positive medical condition and without modifying the schedule of any other discovery.  Faia has agreed to attend such scheduled Rule 2004 examination remotely despite his physician's directive that he not participate in any such exam (remote or otherwise) given his current medical condition.  This Motion is necessitated by Sigmund Solares's refusal to continue the exam or to go forward remotely.

**BACKGROUND**

    **I.**    **The Faia Deposition and 2004 Exam.**

    1.    After the Petition Date, Sigmund Solares ("**Solares**") deposed Faia in a related Louisiana state court action for two days, from March 12 to March 13, 2020.

2. On April 17, 2020, Solares filed his *Omnibus Notice of Rule 2004 Examinations Duces Tecum*, scheduling Faia's Rule 2004 examination ("**Faia's 2004 Exam**") for May 20, 2020. [Dkt. No. 139].

3. Over the course of the past four and a half months, the parties have been working diligently to, among other things, schedule Rule 2004 examinations of various other parties in interest.

**II.     The 2004 Requests to Gardner and Solares and the Agreed Discovery Order.**

4. Meanwhile, on June 2, 2020, Faia (among others) served Michael Gardner ("**Gardner**") and Solares each with a *Subpoena for Rule 2004 Examination (Documents Only)* ("**Subpoena for 2004 Examination**"). [Dkt. No. 228].

5. On June 26, 2020, this Court entered the *Agreed Order on Rule 2004 Discovery Procedures and Protocols for the Production of Documents and Examinations* (the "**Agreed Discovery Order**"). [Dkt. No. 263]. Pursuant to the Agreed Discovery Order, Rule 2004 examinations and written discovery of the Parties are to proceed in a tiered approach to facilitate the orderly progress of discovery, to avoid undue burden and expense, and to ensure proportionality. [*Id.*, pp. 2-3].

6. Also in accordance with the Agreed Discovery Order, Gardner agreed to serve written responses or objections and to produce responsive documents to the Subpoena for 2004 Examination on or before July 17, 2020. [*Id.*, p. 7]. Solares, in turn, agreed to serve written responses or objections and to produce responsive documents to the Subpoena for 2004 Examination on or before 8:00 p.m. ET on the second day of Faia's 2004 Exam. [*Id.*]

7. The scheduling of Solares's production obligation at the conclusion of Faia's 2004 Exam was based on the request of Solares's counsel to obtain "Mr. Faia's uncoached, unvarnished

testimony," which the Court granted during a hearing held on June 23, 2020. [Dkt. No. 322-1, pp. 33:25-44:21].

### III. The Dispute at Issue.

8. The Parties are scheduled to attend a mediation conducted by John W. Perry, Jr. from October 15, 2020 to October 16, 2020 in New Orleans, Louisiana.

9. As of August 19, 2020, Rule 2004 examinations were scheduled to take place as follows:

- Faia – Sept. 14-15, 2020
- Solares – Sept. 17-18, 2020
- Michael Robertson – Sept. 20, 2020
- Michael Gardner – Sept. 22 - 23, 2020
- David Vinterella – Sept. 24, 2020
- Savvy Investments, LLC – Sept. 25, 2020
- Kristy Allred – Sept. 28, 2020
- Rob Alphonso – Sept. 30, 2020
- Jamie Williams – Oct. 2, 2020

[Dkt. Nos. 391, 392, and 393].

10. On September 2, 2020, after examining Faia for a chronic medical condition, Faia's medical doctor prepared a report, which directs Faia to "refrain from all work related and recreational activities for the next sixty days."[1] Doctor McElveen further stated that Faia was still positive for COVID-19, required oxygen (at least periodically), was suffering from bacterial pneumonia, and had blurred vision in his left eye, among other symptoms. According to Faia, Dr. McElveen is available to speak with the Court directly if needed.

---

[1] In order to protect Mr. Faia's privacy interests, the Letter from Linda McElveen, MD, dated September 2, 2020 (the "**Doctor's Report**"), is being submitted to the Court for *in camera* review.

11. Faia has alternated living at his home during his convalescence and staying on his boat in an attempt to maintain social distancing from his wife and children.

12. On September 3, 2020, counsel for Faia transmitted the Doctor's Report to counsel for Solares and the Trustee, requesting that, because of Faia's unavailability, next steps be considered. *See* Email correspondences between Michael Magner and Steven M. Berman, attached hereto as **Exhibit 1**. On September 4, 2020, counsel for Solares agreed to a continuance of Faia's 2004 Exam, but on the condition that David Vinterella and Decossas be examined on September 14 and 15, respectively, regarding unknown issues that would have been addressed during Faia's 2004 Exam. *See id.*

13. On September 8, 2020, counsel for Faia responded that they would check Vinterella's availability, provided that Solares would make his document production in advance of the Rule 2004 examinations, but would not make Decossas, who has already given a multi-day 2004 exam, available an additional time when Solares and Gardner had not yet been examined. *See id.*

14. That same day, counsel for Solares rescinded his consent to a continuance of Faia's 2004 Exam. Solares's counsel also noted that he was pulling together Solares's document production and would begin producing documents in a "rolling" fashion. *Id.*

15. Consequently, Faia requests that the Court intervene and reschedule Faia's 2004 Exam on a date not earlier than November 2, 2020 or to permit the 2004 exam to move forward remotely. The balance of the scheduled Rule 2004 examinations and all document productions should not be altered.

16. Faia previously offered on two separate occasions to make himself available for his examination virtually due to his diagnosis of COVID-19. In order to avoid further delays, Mr.

Faia will sit for a virtual examination despite his doctor's orders if the Court so directs. Counsel for Faia will not attend an in person deposition of Faia given Faia's COVID-19 condition and does not believe any other person should given the pandemic circumstances.

## LAW AND ARGUMENT

17. Solares served the subpoena in question pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), which provides in pertinent part:

> (b) Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . .
>
> (c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

Fed. R. Bankr. P. 2004(b), (c).

18. Furthermore, Bankruptcy Rule 9016 makes Federal Rule of Civil Procedure 45 applicable to subpoenas issued in bankruptcy cases. Fed. R. Bankr. P. 9016. Federal Rule of Civil Procedure 45(d)(1), in turn, instructs: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Federal Rule of Civil Procedure 26(c), moreover, allows for the issuance of a protective order for good cause. Fed. R. Civ. P. 26(c). Finally, this Court's Local Rule 2004-1(e), which governs Rule 2004 examinations, allows parties

in interest to file "a motion for protective order stating the reasons for prohibiting, limiting, or rescheduling the examination or production of documents."

19. Faia has conferred with counsel for Solares in an attempt to resolve the disagreement about Faia's 2004 Exam, but such efforts have been unsuccessful. Accordingly, Faia requests that this Court intervene and enter a protective order continuing Faia's 2004 Exam until sometime on or after November 2, 2020, or, alternatively, scheduling a virtual examination.

20. Faia further requests that the Court grant the request without modifying the schedule of other 2004 examinations that have been noticed to occur during the months of September and October 2020, or the document production schedule to which the parties have agreed.

21. Good cause exists to enter a protective order for the following reasons. First, Faia's physician does not believe Faia should attend a 2004 exam given his medical condition until sometime on or after November 2, 2020. Nevertheless, Faia will attend remotely.

22. Second, Faia needs Solares's document production in advance of the upcoming examinations and the court-ordered mediation. This justifies enforcing the obligation of Solares and Gardner to produce documents responsive to Faia's Subpoena for Rule 2004 Examination (Documents Only) served on June 2, 2020 [Dkt. No. 228] at this time. Should Solares and Gardner's production obligation not be enforced until after Faia's 2004 Exam, Faia will be hampered in his preparation for a meaningful mediation.

23. Third, Faia has been deposed in connection with related state court litigation, thus reducing any prejudice that Solares and Gardner otherwise may have suffered by continuing Faia's 2004 Exam. In other words, a brief continuance of Faia's 2004 Exam, without requiring Vinterella

or Decossas to be examined on additional days, will not disadvantage the bankruptcy estate or prejudice the ability of any parties in interest to prepare for the upcoming mediation.

## CERTIFICATE OF COUNSEL

24. The undersigned certifies that Faia's counsel made a good faith effort to resolve the issues raised herein with counsel for Solares. The parties were unable to reach a resolution, necessitating this Court's intervention.

## CONCLUSION

WHEREFORE, Faia respectfully requests that the Court enter an appropriate protective order, either rescheduling Faia's 2004 Exam until sometime on or after November 2, 2020, without modifying the schedule of other Rule 2004 examinations that have been noticed for the months of September and October 2020, or the document production schedule to which counsel for Solares has agreed, or permitting Faia to attend the 2004 examination remotely.

Respectfully submitted,

**JONES WALKER LLP**
*/s/ Michael W. Magner*
Michael W. Magner
Louisiana Bar Roll No. 01206, *pro hac vice*
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone: (504) 582-8316
Facsimile: (504) 589-8316
Email: mmagner@joneswalker.com

*Attorney for Gregory Faia*

**CARLTON FIELDS, P.A.**
*/s/ Donald R. Kirk*
Donald R. Kirk (FBN 0105767)
Kevin P. McCoy (FBN 36225)
E-mail: dkirk@carltonfields.com
E-mail: kmccoy@carltonfields.com

        P.O. Box 3239
        Tampa, FL  33601-3239
        Telephone:  (813) 223-7000
        Facsimile:  (813) 229-4133

*Attorney for Gregory Faia*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically through the Court's CM/ECF system on September 9, 2020, which provides notice to all counsel of record by electronic means.

        */s/ Donald R. Kirk*
        Attorney

# Exhibit 1

**From:** Berman, Steven M. <sberman@shumaker.com>
**Sent:** Tuesday, September 8, 2020 9:01 PM
**To:** Magner, Michael <mmagner@joneswalker.com>
**Cc:** Huber, Stephen <stephen@huberthomaslaw.com>; Elgidely, Robert <relgidely@foxrothschild.com>; Donald R. Kirk (dkirk@carltonfields.com) <dkirk@carltonfields.com>; ddaly@frilot.com; Scott A. Underwood <sunderwood@underwoodmurray.com>; Kevin P. McCoy <kmccoy@carltonfields.com>; French Ryan <Ryan.French@taylorporter.com>; Lee, Andy <alee@joneswalker.com>; Kee, P. J. <pkee@joneswalker.com>
**Subject:** RE: [EXTERNAL] RE: Confidential - PHI

We will keep our current schedule and hope Mr. Faia will honor his and your commitments to our Monday and Tuesday schedule.


Steven M. Berman | Shumaker
Attorney at Law
Bank of America Plaza, Suite 2800
101 East Kennedy Boulevard | Tampa, FL 33602
Direct 813.227.2332 | Fax 813.229.1660
sberman@shumaker.com
-------------------------------------
Confidentiality Statement: This electronic message contains information from the law firm of Shumaker, Loop & Kendrick, LLP, and may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify the sender immediately by reply e-mail or telephone 800.444.6659.
-------------------------------------
-----Original Message-----
From: Magner, Michael [mailto:mmagner@joneswalker.com]
Sent: Tuesday, September 8, 2020 9:18 PM
To: Berman, Steven M.
Cc: Huber, Stephen; Elgidely, Robert; Donald R. Kirk (dkirk@carltonfields.com); ddaly@frilot.com; Scott A. Underwood; Kevin P. McCoy; French Ryan; Lee, Andy; Kee, P. J.
Subject: Re: [EXTERNAL] RE: Confidential - PHI

Notwithstanding the medical advice, are you taking the position the Faia deposition is still proceeding on that day absent a pending MPO? Assuming we are filing a MPO, are you planning on keeping the remainder of the schedule if Faia does not go forward?

Michael W. Magner

1



Jones Walker
New Orleans
504-582-8316 (O)
504-229-1327 (M)

On Sep 8, 2020, at 7:24 PM, Berman, Steven M. <sberman@shumaker.com> wrote:

Mike

Given all of the back and forth, we will just plan to stay with the schedule we previously set a month ago, with Mr. Faia going on Monday and Tuesday. No need to change the schedule from our perspective.

If you want to change locations from your office, please let us know and we can accommodate.

As for our document production, we are pulling that together and will start producing that in a rolling fashion. We are, as you know, producing it sooner than we agreed with the Court.

Thank you
Steve


Steven M. Berman | Shumaker
Attorney at Law
Bank of America Plaza, Suite 2800
101 East Kennedy Boulevard | Tampa, FL 33602
Direct 813.227.2332 |Fax 813.229.1660
sberman@shumaker.com | bio<https://www.shumaker.com/professionals/A-D/steven-m-berman> |
LinkedIn<http://www.linkedin.com/pub/steven-berman/4a/98a/191>

_____

Confidentiality Statement: This electronic message contains information from the law firm of Shumaker, Loop & Kendrick, LLP, and may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify the sender immediately by reply e-mail or telephone 800.444.6659.
From: Magner, Michael [mailto:mmagner@joneswalker.com]
Sent: Tuesday, September 8, 2020 10:09 AM
To: Berman, Steven M.; 'Huber, Stephen'; 'Elgidely, Robert'
Cc: 'Donald R. Kirk (dkirk@carltonfields.com)'; 'ddaly@frilot.com'
Subject: RE: Confidential - PHI

Steve – I will check with Mr. Vinterella's availability for next week provided you make your document production immediately. We think it is only fair that we be permitted to prepare for the depositions.

We are not willing to make Mr. Decossas available for a fourth day of exams when we have not had the opportunity to examine Messrs Solares and Gardner.

Please let us know if this is acceptable.

2



Mike

Michael W. Magner | Partner
Jones Walker LLP
D: 504.582.8316 | M: 504.229.1327
mmagner@joneswalker.com<mailto:mmagner@joneswalker.com>

From: Magner, Michael
Sent: Friday, September 4, 2020 12:17 PM
To: 'Berman, Steven M.' <sberman@shumaker.com>; Huber, Stephen <stephen@huberthomaslaw.com>; Elgidely, Robert <relgidely@foxrothschild.com>
Cc: Donald R. Kirk (dkirk@carltonfields.com) <dkirk@carltonfields.com>; ddaly@frilot.com
Subject: RE: Confidential - PHI

Steve - I will discuss with the group and get back to you after the holiday. Have a good weekend.

Michael W. Magner | Partner
Jones Walker LLP
D: 504.582.8316 | M: 504.229.1327
mmagner@joneswalker.com<mailto:mmagner@joneswalker.com>

From: Berman, Steven M. <sberman@shumaker.com<mailto:sberman@shumaker.com>>
Sent: Friday, September 4, 2020 11:48 AM
To: Magner, Michael <mmagner@joneswalker.com<mailto:mmagner@joneswalker.com>>; Huber, Stephen <stephen@huberthomaslaw.com<mailto:stephen@huberthomaslaw.com>>; Elgidely, Robert <relgidely@foxrothschild.com<mailto:relgidely@foxrothschild.com>>
Cc: Donald R. Kirk (dkirk@carltonfields.com<mailto:dkirk@carltonfields.com>) <dkirk@carltonfields.com<mailto:dkirk@carltonfields.com>>; ddaly@frilot.com<mailto:ddaly@frilot.com>
Subject: [EXTERNAL] RE: Confidential - PHI

Mike

I am sorry to hear Greg is still sick. We started putting off his deposition due to COVID symptoms back in March. It seems he has been on a very long road. In order to move the process forward without Greg, at least for now, we would propose using September 14 for David Vinterella and September 15 for Decossas (to cover the issues we would have addressed with Greg). We would keep the reset of the agreed schedule intact. We would also need assurances that you would not file any further Faia declarations or written Faia testimony in the case or related proceedings given the reality that he is off limits.

Please let us know if that works and we can renotice consistent therewith.

Thanks
Steve


Steven M. Berman | Shumaker
Attorney at Law
Bank of America Plaza, Suite 2800
101 East Kennedy Boulevard | Tampa, FL 33602
Direct 813.227.2332 |Fax 813.229.1660
sberman@shumaker.com<mailto:sberman@shumaker.com> | bio<https://www.shumaker.com/professionals/A-



D/steven-m-berman> | LinkedIn<http://www.linkedin.com/pub/steven-berman/4a/98a/191>

_____

Confidentiality Statement: This electronic message contains information from the law firm of Shumaker, Loop & Kendrick, LLP, and may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify the sender immediately by reply e-mail or telephone 800.444.6659.
From: Magner, Michael [mailto:mmagner@joneswalker.com]
Sent: Thursday, September 3, 2020 3:20 PM
To: Berman, Steven M.; Huber, Stephen; Elgidely, Robert
Cc: Donald R. Kirk (dkirk@carltonfields.com<mailto:dkirk@carltonfields.com>);
ddaly@frilot.com<mailto:ddaly@frilot.com>
Subject: Confidential - PHI

Counsel – Please see the attached report. It is self-explanatory. Let's consider next steps and discuss after the Labor Holiday.

Please limit the distribution of this sensitive medical information.

Mike

Michael W. Magner | Partner
Jones Walker LLP
D: 504.582.8316 | M: 504.229.1327
mmagner@joneswalker.com<mailto:mmagner@joneswalker.com>

4

EXHIBIT 1