UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                 Case No. 8:19-bk-08638-CPM

THE PRODUCERS, INC.,                                  Chapter 7

        Debtor.
_____/

**FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO
ROBERT F. ELGIDELY, ESQ. AND THE LAW FIRM OF FOX ROTHSCHILD
LLP, AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE, LARRY S. HYMAN**

**NOTICE OF OPPORTUNITY TO OBJECT
AND REQUEST FOR HEARING**

      Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.

      If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Suite 555, Tampa, Florida 33602 and serve a copy on the movant's attorney, Robert F. Elgidely, Esq., Fox Rothschild LLP, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2750, Miami, Florida 33131 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

      If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

1. Name of applicant: Robert F. Elgidely, Esq. and the Law Firm of Fox Rothschild LLP

2. Role of applicant: Special Counsel to the Chapter 7 Trustee

3. Name of certifying professional: Robert F. Elgidely, Esq.

4. Date case filed: September 12, 2019

115370106.v1

5. Date of application for employment: February 7, 2020 (Doc. 68)

6. Date of order approving employment: February 13, 2020 *nunc pro tunc* to January 21, 2020 (Doc. 73)

7. If Debtor's counsel, date of Disclosure of Compensation form: *N/A*

8. Date of this application:  October 22, 2020

9. Dates of services covered: February 5, 2020-September 30, 2020

10. If case is chapter 7, amount trustee has on hand: ………………………………….......$439,331.35

**Fees:**

11. Total fee requested for this period...…………………………………………………..$352,117.50

12. Balance remaining in fee retainer account, not yet awarded ……………………….....................$0.00

13. Fees paid or advanced for this period, by other sources……………………………….………..$0.00

14. **Net amount of fee requested for this period……………………………………………..$352,117.50**

**Expenses:**

15. Total expense reimbursement requested for this period…………..………………………..$9,230.93

16. Balance remaining in expense retainer account, not yet received……………………………….$0.00

17. Expenses paid or advanced for this period, by other sources……………………………………...$0.00

18. **Net amount of expense reimbursements requested for this period.....................................$9,230.93**

19. Gross award requested for this period (#11 + #15)……………………………………….$361,348.43

20. **Net award requested for this period** (#14 + #18)……………………………………....**$361,348.43**

21. **If Final Fee Application, amounts of net awards requested in interim applications but not previously awarded (total from History of Fees and Expenses, following pages):………………………………………………………………………………………….N/A**

22. **Final fee and expense award requested (#20 + #21)…………………………….....................N/A**

3

## History of Fees and Expenses

1. Dates, sources, and amounts of retainers received:

| Dates | Sources | Amounts | For fees or costs? |
|---|---|---|---|
| *N/A* | | | |

2. Dates, sources, and amounts of third party payments received:

| Dates | Sources | Amounts | For fees or costs? |
|---|---|---|---|
| *N/A* | | | |

3. Prior fee and expense awards:

| Dates | Sources | Amounts | For fees or costs? |
|---|---|---|---|
| *N/A* | | | . |

115370106.v1

**Certification**

1. I have been designated by Fox Rothschild LLP (the "**Applicant**") as the professional with responsibility in this case for compliance with the current Mandatory Guidelines On Fees And Disbursements For Professionals in the Middle District of Florida Bankruptcy Cases (the "**Guidelines**").

2. I have read the Applicant's application for compensation and reimbursement of expenses (the "**Application**").

3. To the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the Guidelines.

4. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application.

5. Except to the extent that fees or disbursements are prohibited or restricted by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

6. In providing a reimbursable service or disbursement (other than time charged for paraprofessionals and professionals), the Applicant does not make a profit on that service or disbursement (except to the extent that any such profit is included within the permitted allowable amounts set forth in the Guidelines for photocopies and facsimile transmission).

7. In charging for a particular service or disbursement, the Applicant does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission).

8. In seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party, the Applicant is requesting reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.

9. A complete copy of the Application (including all relevant exhibits) will be furnished to the Chapter 7 Trustee, the Debtor, the U.S. Trustee, and their respective counsel, at the time it is filed with the Court.

10. To my knowledge, there are no variances with the provisions of the Guidelines.

**I HEREBY CERTIFY** that the foregoing is true and correct.

Dated: October 22, 2020

          Respectfully submitted,

          FOX ROTHSCHILD LLP
          Special Counsel to Larry S. Hyman, Chapter 7 Trustee

          By:/s/ Robert F. Elgidely
              Robert F. Elgidely, Esq.
              Florida Bar No. 111856
              E-Mail: relgidely@foxrothschild.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:   Case No. 8:19-bk-08638-CPM

THE PRODUCERS, INC.,   Chapter 7

        Debtor.
_____/

**FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO
ROBERT F. ELGIDELY, ESQ. AND THE LAW FIRM OF FOX ROTHSCHILD
LLP, AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE, LARRY S. HYMAN**

Robert F. Elgidely, Esq. and the law firm of Fox Rothschild LLP ("**Fox**" or the "**Applicant**"), as special counsel to Larry S. Hyman (the "**Trustee**"), Chapter 7 Trustee of the bankruptcy estate of The Producers, Inc. (the "**Debtor**"), hereby apply for interim allowance and payment of compensation for professional services rendered and reimbursement of expenses pursuant to Sections 328, 330, 331 and 503(b) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**") and the United States Department of Justice, Executive Office for United States Trustee's Guidelines for Reviewing Applications For Compensation And Reimbursement Of Expenses Filed Under 11 U.S.C. § 330 (the "**Guidelines**").

**EXHIBITS TO APPLICATION**

1. In accordance with the Guidelines, the following exhibits are annexed to this application:

    Exhibit 1:    Summary of Professional and Paraprofessional Time for services rendered during the Application Period

    Exhibit 2:    Summary of Expenses and Disbursements incurred/paid during the Application Period

6

115370106.v1

Exhibit 3:   Breakdown of Fees and Costs by Matter & Detailed Description of Services Rendered

2.   <u>Exhibit 1</u> contains a list of Applicant's professionals and paraprofessionals who have provided services to the Trustee during the Application Period and a summary of the time each expended in representing the Trustee in this case.

3.   <u>Exhibit 2</u> contains a summary of Applicant's total, actual and necessary, out-of-pocket expenses and disbursements for which Applicant seeks reimbursement in accordance with Bankruptcy Code Section 330(a)(1)(B), the Bankruptcy Rules and the Guidelines. The expenses and disbursements summarized in <u>Exhibit 2</u> are those which Applicant typically would invoice to its non-bankruptcy clients.

4.   <u>Exhibit 3</u> contains a breakdown of fees and costs by matter as well as a detailed description of the services rendered on behalf of the Trustee, for which Applicant seeks reimbursement in accordance with Bankruptcy Code Section 330(a)(1)(B), the Bankruptcy Rules, and the Guidelines. Exhibit 3 contains a daily description of the services rendered and the hours expended by Applicant's professionals and paraprofessionals who performed services in the case. Applicant prepared Exhibit 3 based on, among other things, contemporaneous daily time records maintained by the Applicant's professionals and paraprofessionals.

5.   Applicant seeks an award of fees of **$352,117.50** for **707.90** hours worked in the period February 5, 2020 through September 30, 2020 (the "**Application Period**"). Applicant's average hourly rate during the Application Period was **$497.41** per hour. Applicant submits that the fee sought is reasonable considering the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 554 F.2d 1291 (5th Cir.1977).

**I.   RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD**

6.   On February 13, 2020, the Court entered an Order authorizing the employment of Applicant as special counsel for the Trustee *nunc pro tunc* to January 21, 2020 (Doc. 73 - the "**Employment Order**").

7.   Pursuant to the Employment Order, Applicant's compensation is subject to approval of the Court.

8.   This is Applicant's first interim fee application.  Herein, Applicant seeks an award of fees of **$352,117.50** for **707.90** hours worked in the period February 5, 2020 through September 30, 2020 (the "**Application Period**") plus reimbursement of necessary and reasonable costs of **$9,230.93**, for a total award of **$361,348.43**.

**II.   CASE BACKGROUND**

9.   On September 12, 2019 (the "**Petition Date**"), DNC Holdings, Inc. filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor with the Clerk of this Court.  According to the Corporate Ownership Statement, DNC Holdings, Inc. is owned by Gregory G. Faia ("**Faia**") and Vernon H. Decossas, III ("**Decossas**"), the Debtor's former attorney and accountant respectively.  Doc. 2.

10.   The Debtor consented to entry of an Order for Relief on November 11, 2019 and the Court entered the Order on December 3, 2019.

11.   On or about December 3, 2019, Larry S. Hyman was appointed as Chapter 7 Trustee of the Debtor's estate and he has continually served in such capacity.

12.   On December 11, 2019, the Clerk issued a Notice establishing March 16, 2020 (the "**Bar Date**") as the deadline for filing of proofs of claim in the Debtor's estate.  Doc. 33.

115370106.v1

According to the Claims Register, four proofs of claim totaling $10,235,519.30 have been filed in the Debtor's estate.

13. After obtaining extensions of time, the Debtor filed its schedules, statements, and lists on December 30, 2019. Doc. 51. In response to question 15 on *Schedule A/B: Assets – Real and Personal Property* asking the Debtor to identify "[n]on-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture," the Debtor represented that it had a 100% ownership interest in "Private Stock: Snow Turtles, Ltd." with a current value of $6,908,619.00". *Id*. at CM/ECF p. 3.

14. On January 7, 2020, the Debtor's meeting of creditors was conducted and concluded.

15. On April 14, 2020, the Debtor filed an amended *Schedule A/B: Assets – Real and Personal Property*. Doc. 137, CM/ECF pp. 3-6. Unlike the original schedule, the Debtor did not identify any "[n]on-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture" owned as of the Petition Date. Instead, the Debtor responded to question 74 regarding "[c]auses of action against third parties (whether or not a lawsuit has been filed) by stating as follows:

> There are multiple claims pending in this proceeding (as well as the 24th JDC in Louisiana) regarding *alleged fraudulent transfers of the Debtor's assets* which occur[r]ed in approximately 2011 and 2012. If this Court or the Louisiana Court voids those transfers, then assets, or the value of the assets transferred as of the date of the transfer, would be either returned to the Debtor's estate or the corresponding value paid to the Debtor's estate. *The transferred assets include internet advertising contracts, domain registrar services, and domain names*. The Debtor estimates that, at the time of the transfers, the value of those assets were approximately several million dollars (the "**Avoidance Claims**").

*Id*. at CM/ECF p. 5. (Emphasis added).

16. As referenced in the amended schedules, the Avoidance Claims pertained to the Debtor's transfer of (among other things) a highly valuable portfolio of tens of thousands of domain names and associated assets or rights (the "**Domain Name Portfolio**") to Dvlpmnt Marketing, Inc. ("**DVLPMNT**"), an entity owned by Michael Gardner ("**Gardner**") and Sigmund Solares ("**Solares**"). According to Solares and Gardner, this transfer and movement of the Domain Name Portfolio to DVLPMNT was part of the overall restructuring of the Debtor's assets and operations orchestrated by Decossas and Faia, who surreptitiously became the owners of Debtor assets and operations including from DirectNIC, LTD (through DNC Holdings, Inc.), Parked.com, LTD, (through Domain Apps, LLC), Keypath, LLC (through the transfer of the Debtor's human capital and business processes), Faia and Associates, LLC (through the transfer of certain of the Debtor's human capital), Ads Squared, LLC, DOM Holdings, Inc., DSE Leasing, LLC, and Faia Development Group, LLC. According to spreadsheets furnished to the Trustee, the portfolio consisted of 39,688 names (according to Decossas) and 82,785 names (according to Solares) on the Petition Date. At the Faia Decossas Parties'[1] request, Go Daddy allegedly appraised 15,000 names in the Domain Name Portfolio as having a fair market value of $19 million to $40 million.

## III. SERVICES RENDERED DURING THE APPLICATION PERIOD

17. Applicant provided extensive and valuable services to the Trustee during the Application Period. For a detailed description of the services rendered on behalf of the Trustee, please refer to the contemporaneous daily time records attached hereto as Exhibit 3. Applicant provides the following summary of some of those services.

---

[1] The phrase "Faia Decossas Parties" means all entities owned or operated by Faia and Decossas including, but not limited to, DNC Holdings, Inc., Domain Apps, LLC, Faia and Associates, LLC, Faia Development Group, LLC, Ads Squared, LLC, Keypath, LLC, Sea Wasp, LLC, DOM Holdings, Inc., DOT Holding, Inc., Professional Affiliates, LLC, DSE Leasing, LLC, Visual Ad Group, Inc., and Savvy Investments, LLC.

115370106.v1

18. As reflected in the 397 docket entries in the main case during the Application Period, this case has been very contentious and demanding throughout the Application Period.

19. Among other things, Applicant participated in sixteen hearings[2] in the main case and adversary proceedings during the Application Period.

20. **Factual Investigation**. Applicant believes that it conducted a thorough investigation of the Debtor's pre-petition financial and operational affairs by meeting with Solares' counsel in New Orleans, Louisiana in February 2020, communicating with counsel for the Faia Decossas Parties throughout the Application Period, communicating with counsel for Solares and Gardner throughout the Application Period, reviewing voluminous documents, and participating in the following 2004 examinations:

   i. Vernon H. Decossas III;
   ii. Gregory G. Faia;
   iii. Sigmund Solares;
   iv. Michael Gardner;
   v. Michael Robertson;
   vi. David Vinterella;
   vii. Kristy Allred;
   viii. Rob Alphonso;
   ix. Corporate representative of DNC Holdings, Inc.;
   x. Corporate representative of The Producers, Inc.;
   xi. Corporate representative of Domain Apps, LLC;
   xii. Corporate representative of Voodoo.com, Inc.;
   xiii. Corporate representative of Faia Development Group, LLC;
   xiv. Corporate representative of Faia and Associates, LLC;
   xv. Corporate representative of Savvy Investments, LLC; and
   xvi. Corporate representative of Keypath, LLC.

21. **Asset Recovery**. Through the following motions and orders, Applicant facilitated the estate's recovery of Domain Name Revenue totaling $391,898.05, a Domain Name Portfolio

---

[2] The hearings were conducted on February 12, 2020, March 2, 2020, April 29, 2020, May 4, 2020, May 15, 2020, May 29, 2020, June 23, 2020, June 30, 2020, July 23, 2020, August 4, 2020, August 13, 2020, August 21, 2020, August 25, 2020, August 27, 2020, September 10, 2020, and October 2, 2020.

11

115370106.v1

of approximately 40,000 names (15,000 of which allegedly have a fair market value of $19 million to $40 million based upon a Go Daddy appraisal), and recorded information:

  i. *Order Granting Chapter 7 Trustee's Agreed Ore Tenus Motion For Turnover Of Debtor's Books and Records* entered on March 10, 2020 as Document Number 110;

  ii. *Expedited Motion for Turnover Of Domain Names, Domain Name Revenue, And Recorded Information From Gregory G. Faia, Vernon H. Decossas III And All Entities Owned Or Operated By Them* filed on April 23, 2020 as Document Number 144;

  iii. *Interim Order Granting Chapter 7 Trustee, Larry S. Hyman's, Expedited Motion for Turnover Of Domain Names, Domain Name Revenue, And Recorded Information From Gregory G. Faia, Vernon H. Decossas III And All Entities Owned Or Operated By Them* entered on June 12, 2020 as Document Number 241;

  iv. *Chapter 7 Trustee, Larry S. Hyman's, Emergency Motion For Contempt, Forensic Examination And Sanctions Due To Destruction And Spoliation Of Electronic Evidence And Violation Of Turnover Order* filed on July 22, 2020 as Document Number 307;

  v. *Chapter 7 Trustee, Larry S. Hyman's, Notice Of Partial Withdrawal Of Motion For Contempt, Forensic Examination And Sanctions With Respect To Destruction And Spoliation Of Electronic Evidence Only* filed on October 5, 2020 as Document Number 478;

  vi. *Chapter 7 Trustee, Larry S. Hyman's, Motion To Approve Compromise Of Controversy With Michael Gardner, Sigmund Solares, and Dvlpmnt Marketing, Inc.* filed on May 15, 2020 as Document Number 205;

  vii. *Order Granting Chapter 7 Trustee, Larry S. Hyman's, Motion To Approve Compromise Of Controversy With Michael Gardner, Sigmund Solares, and Dvlpmnt Marketing, Inc.* entered on July 9, 2020 as Document Number 283; and

  viii. *Order On Motion To Compel Documenting Compliance With 9019 Order In Connection With Transfer Of Domain Name Portfolio (Doc. 317) And Clarifying Order Granting Motion To Approve Compromise Or Settlement Between The Trustee, Michael Gardner, Sigmund Solares, And Dvlpmnt Marketing, Inc.* entered on October 16, 2020 as Document Number 498.

22. **Asset Disposition**. After interviewing several candidates to aid in the sale of the Debtor's Domain Name Portfolio, Applicant prepared and filed *Chapter 7 Trustee, Larry S. Hyman's, Application To Employ Jeffrey M. Gabriel And Saw.Com As Domain Name Broker And*

*Portfolio Manager* on July 13, 2020 (Doc. 290 – the "**Gabriel Employment Application**"). On July 15, 2020, the Court entered an Order approving the Gabriel Employment Application. Doc. 291. On August 14, 2020, the Court entered an Order denying the Faia Decossas Parties' Motion for Reconsideration of the Order approving the Gabriel Employment Application. Doc. 384. On September 9, 2020, Applicant prepared and filed an *Expedited Motion For Entry Of An Order Authorizing Chapter 7 Trustee, Larry S. Hyman, To Sell Certain Domain-Name Assets Free And Clear Of All Liens, Claims And Encumbrances* (Doc. 430 – the "**Motion to Sell**"). On September 16, 2020, the Court entered an Order granting the Motion to Sell (Doc. 450 – the "**Sale Order**"). Pursuant to the Sale Order, Mr. Gabriel has sold several domain names and transferred the sales proceeds to the Debtor's estate. In connection with these sales, Applicant engaged in frequent communications with the Trustee and Mr. Gabriel.

23. **Litigation Claims**. On May 28, 2020, Applicant commenced the adversary proceeding styled *Hyman v. Snow Turtles, Ltd., et al.*, Adversary Proceeding Number 8:20-ap-00331-CPM (the "**Trustee Adversary**"). In the Trustee Adversary, the Trustee asserted substantive consolidation, accounting, injunctive relief, equitable subordination, declaratory judgment, turnover, and avoidance claims against the Faia Decossas Parties. The Trustee also filed a Motion for Preliminary Injunction against the Faia Decossas Parties. On September 17, 2020, the Court entered an *Amended Consent Order Granting Interim Injunctive Relief On Chapter 7 Trustee, Larry S. Hyman's, Expedited Amended Motion For Preliminary Injunction*. Trustee Adversary, Doc. 71. On July 21, 2020, Applicant prepared and filed *Chapter 7 Trustee, Larry S. Hyman's, Motion To Intervene As Party Plaintiff* in the adversary proceeding styled *Solares v. Faia, et al.*, Adversary Proceeding Number 8:20-ap-00352-CPM (the "**Solares Adversary**").

115370106.v1

Solares Adversary, Doc. 81.  Before it was removed to this Court, the Solares Adversary had been pending in Louisiana state court since February 21, 2017.

24. **Mediation**.  After discussions with the parties and mediator, Applicant prepared and filed *Chapter 7 Trustee, Larry S. Hyman's, Motion To Refer Main Case And Adversary Proceedings To Mediation* on July 9, 2020 (Doc. 284 – the "**Mediation Motion**").  On August 3, 2020, the Court entered an Order granting the Mediation Motion.  Doc. 348.  On October 15, 2020, Applicant and the Trustee participated in the scheduled mediation and remained available as the mediation continued between the Solares and Gardner camp on the one hand and the Faia and Decossas camp on the other hand from October 16, 2020 through the present date.

25. **General Estate Administration**.  During the Application Period, Applicant also sought and obtained authorization to pay domain name registration renewal charges and storage unit expenses.  *See* Doc. Nos. 176, 196, 276-277, 305, 311, 431, and 451.

26. **Miscellaneous**.  Finally, Applicant performed the usual and customary tasks required of Trustee's counsel during the Application Period including, but not limited to, (a) analyzing proofs of claim; (b) preparing, filing and reviewing pleadings, motions and other documents; (c) conducting legal research; and (d) monitoring all correspondence, pleadings and other court papers pertaining to this case.

**IV.    INDEXING OF TASKS BY ACTIVITY CODES**

Applicant's services are properly reflected within the following Activity Codes.
Matter No. 194040.00001:

115370106.v1

| Task | Description | Hours | Total |
|---|---|---|---|
| B110 | CASE ADMINISTRATION | 395.3 | $207,210.00 |
| B120 | ASSET ANALYSIS AND RECOVERY | 26.2 | $14,169.50 |
| B130 | ASSET DISPOSITION | 0.4 | $82.00 |
| B160 | FEE/EMPLOYMENT APPLICATIONS | 1.2 | $354.50 |
| B190 | OTHER CONTESTED MATTERS | 0.3 | $61.50 |
| B195 | NON-WORKING TRAVEL | 16.0 | $8,800.00 |
| C300 | ANALYSIS AND ADVICE | 2.2 | $605.00 |
| L110 | FACT INVESTIGATION/DEVELOPMENT | 2.5 | $1,137.50 |
| L120 | ANALYSIS/STRATEGY | 71.2 | $37,634.00 |
| L140 | DOCUMENTS/FILE MANAGEMENT | 32.9 | $8,343.00 |
| L210 | PLEADINGS | 5.2 | $2,510.50 |
| L250 | OTHER WRITTEN MOTIONS AND SUBMISSIONS | 12.2 | $5,426.00 |
| L310 | WRITTEN DISCOVERY | 0.7 | $318.50 |
| L320 | DOCUMENT PRODUCTION | 2.0 | $550.00 |
| L330 | DEPOSITIONS | 126.1 | $60,742.00 |
| L350 | DISCOVERY MOTIONS | 0.3 | $61.50 |
| L390 | OTHER DISCOVERY | 1.1 | $286.00 |
| L450 | TRIAL AND HEARING ATTENDANCE | 3.9 | $2,145.00 |
| P400 | INITIAL DOCUMENT PREPARATION/FILING | 8.2 | $1,681.00 |
| | Total | 707.90 | $352,117.50 |

## V. **EVALUATION OF SERVICES RENDERED: FIRST COLONIAL CONSIDERATIONS**

This application presents the nature and extent of the professional services rendered by the Applicant in connection with its representation of the Trustee in this case. The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent.

*American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp.)*, 544 F.2d 1291 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977), enumerates twelve factors a bankruptcy court should evaluate in awarding fees. *First Colonial* remains applicable in the Eleventh Circuit to the determination of reasonableness of fees to be awarded under the Bankruptcy Code. *Grant v.*

*George Schuman Tire & Battery Company*, 908 F.2d 874 (11th Cir. 1990); 2 COLLIER ON BANKRUPTCY ¶ 330.05[2][a] at 330-33 through 330-37 (L. King 15th ed. 1991); *See also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981). The twelve factors are:

i) The time and labor required;

ii) The novelty and difficulty of the questions presented;

iii) The skill required to perform the legal services properly;

iv) The preclusion from other employment by the attorney due to acceptance of the case;

v) The customary fee for similar work in the community;

vi) Whether the fee is fixed or contingent;

vii) The time limitations imposed by the client or circumstances;

viii) The amount involved and results obtained;

ix) The experience, reputation and ability of the attorneys;

x) The undesirability of the case;

xi) The nature and length of the professional relationship with the client; and

xii) Awards in similar cases.

*First Colonial*, 544 F.2d at 1298-99.

Based upon the standards set forth in Bankruptcy Code Sections 330 and 331 as well as in *First Colonial*, Applicant submits that the fair and reasonable value of its services rendered during the Application Period is in the amount of **$352,117.50**.

115370106.v1

a) <u>Time, Nature and Extent of Services Rendered, Results Obtained and Related First Colonial Factors.</u>

The foregoing summary, together with the exhibits attached hereto, details the time, nature and extent of the professional services rendered by the Applicant to the Trustee during the Application Period.

b) <u>Novelty and Difficulty of Questions Presented.</u>

In providing services to the Trustee, Applicant was able to rely primarily upon established statutory authority and recognized jurisprudential precedents.

c) <u>Skill Requisite to Perform Services Properly.</u>

In rendering services to the Trustee, Applicant respectfully submits that it endeavored to demonstrate legal skill and expertise in the areas of collection, bankruptcy and litigation.

d) <u>Preclusion from Other Employment by Attorney Due to Acceptance of Case.</u>

Applicant's representation of the Trustee in this case did not preclude it from accepting other employment.

e) <u>Customary Fee.</u>

As set forth above, Applicant charged a blended hourly rate of **$497.41** per hour for its representation of the Trustee in this case. The hourly rates of the Applicant set forth in the attached exhibits are consistent with the hourly rates the Applicant bills to its clients in other similar bankruptcy cases. The Court has approved these rates, as have other courts within and outside of this district, in other bankruptcy matters in which the Applicant and other counsel of like reputation and experience have been involved.

f) <u>Whether Fee is Fixed or Contingent.</u>

Applicant's compensation in this case is subject to Court approval and is therefore contingent. The Court should consider this factor, which militates in favor of a fee in the amount requested.

g) <u>Time Limitations Imposed by Client or Other Circumstances.</u>

The circumstances of this case generally did not impose time constraints on the Applicant.

h) <u>Experience, Reputation and Ability of Attorneys.</u>

The attorneys of Fox Rothschild LLP are experienced in matters of this kind and regularly appear before this Court.

i) <u>"Undesirability" of Case.</u>

Applicant is privileged to have had the opportunity to represent the Trustee and appear before the Court in this case.

j) <u>Nature and Length of Professional Relationship with Client.</u>

Applicant has not previously represented the Trustee. Applicant looks forward to the possibility and privilege of providing him with representation in other legal matters.

k) <u>Awards in Similar Cases.</u>

The amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity. The compensation which the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community.

## VI. <u>CONCLUSION</u>

Applicant has performed extensive and valuable services for the Trustee in this case. For this reason and all of the reasons set forth in this Application, Fox Rothschild LLP requests a first

interim fee award of **$352,117.50** and expenses of **$9,230.93**, for a total award of **$361,348.43**. Furthermore, Applicant reserves its right to supplement this Application prior to any hearing hereon.

**WHEREFORE,** the Applicant respectfully requests the Court to enter an Order (A) awarding the Applicant a fee award of **$352,117.50** plus reimbursement of expenses totaling **$9,230.93**, for a total payment of **$361,348.43**; and (B) granting such further relief as the Court may deem appropriate.

Respectfully submitted,

FOX ROTHSCHILD LLP
*Special Counsel to the Trustee*
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2750
Telephone: (305) 442-6543
Facsimile: (305) 442-6541

By:/s/ Robert F. Elgidely
    Robert F. Elgidely, Esq.
    Florida Bar No. 111856
    E-Mail: relgidely@foxrothschild.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2020, I electronically filed the foregoing *First Interim Application For Allowance And Payment Of Compensation And Reimbursement Of Expenses To Robert F. Elgidely, Esq. And The Law Firm Of Fox Rothschild LLP, As Special Counsel To Chapter 7 Trustee, Larry S. Hyman* with the Clerk of the Court using the CM/ECF System. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means including Scott A. Underwood, Esq., Underwood Murray, P.A., 100 North Tampa Street, Suite 2325, Tampa, FL 33602; Donald R. Kirk, Esq. & Kevin P. McCoy, Esq., Carlton Fields,

115370106.v1

P.A., P.O. Box 3239, Tampa, FL 33601-3239; Michael W. Magner, Esq., Jones Walker LLP, 201 St. Charles Avenue, Suite 5100, New Orleans, LA 70170; Herbert R. Donica, Esq., Donica Law Firm, P.A., 238 East Davis Boulevard, Suite 209, Tampa, FL 33606; and Steven M. Berman, Esq. & Seth P. Traub, Esq., Shumaker, Loop & Kendrick, LLP, 101 East Kennedy Boulevard, Suite 2800, Tampa, FL 33602.  A copy was also forwarded via first-class mail to all non-CM/ECF users identified on the attached mailing matrix.

                                      By:/s/ Robert F. Elgidely
                                          Robert F. Elgidely, Esq.

115370106.v1