UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

The Producers, Inc.                          Case No.  8:19-bk-08638-CPM

       Debtor.

_____/

### UNITED STATES TRUSTEE'S LIMITED OBJECTION TO CONFIRMATION OF THE DEBTOR'S PLAN OF REORGANIZATION

To the extent that the Debtor seeks a determination of the Court as part of confirmation that the transfers that occurred during the chapter 7 and later are exempt from taxation and that no tax is owed to a governmental authority for past tax years, the Debtor's Chapter 11 Plan of Reorganization ("Plan") (Doc. 609) should not be confirmed.  Whether transactions are exempt from taxation and whether a tax is owed should be reserved and not be determined by this Court as part of the Court's consideration of whether to confirm the Debtor's plan.  Any provisions in the plan which arguably suggest otherwise should be stricken.

Accordingly, the United States Trustee, Nancy J. Gargula, by and through her undersigned counsel, objects to confirmation of the Plan pursuant to 11 U.S.C. § 1129(a) for the reasons stated more fully below.

1.      Various provisions of the Plan create an ambiguity as to whether the Debtor seeks an early determination that transfers are exempt from taxation and

whether governmental authorities may yet assert a tax liabiltiy.  Paragraph 5.05 of the

Plan states:

> In lieu of further prosecuting avoidable transfer litigation by the Estate, the
> Chapter 7 Trustee, Solares, and Gardner, and other third parties negotiated a
> settlement that provides for cash payments as well as the surrender of certain
> assets intended to recoup for the Debtor avoided fraudulent transfers and
> dissipated assets which were transferred over the course of several years leading
> up to the Bankruptcy filing. The value of settlement transfers will not likely fully
> compensate the Debtor for its losses and may provide the Debtor with a basis to
> claim a deduction/loss for the value it will not recover.
>
> The Plan provides for receipt of such settlement payments and assets transferred
> through the Debtor in accordance with a reorganized structure that will allow for
> an expedited resumption of operations. In addition, the Plan provides an
> opportunity for the *Debtor to recoup assets* that were dissipated, concealed,
> transferred, or otherwise kept from the Debtor, prior to the filing of the
> Bankruptcy Petition *without incurring transfer tax* when such property is
> surrendered to the Bankruptcy Estate or when the Estate transfers such property as
> part of the Debtor's reorganization. Accordingly, *to the extent the original
> wrongful transfers did not result in deductible expenses* to the Debtor when such
> assets were originally removed or thereafter written off, their return to the
> Bankruptcy Estate will make the Debtor whole by restoring the status quo in
> existence pre-petition before such dissipation and *minimizing income tax exposure*
> that may otherwise be associated with the award of a legal settlement outside of
> the bankruptcy arena. [Italics added.]

Paragraph 8.02 provides:

> Unless a taxing Governmental Authority has asserted a Claim against the Debtor
> by properly filing a Proof of Claim before the Bar Date, *no Claim* of such
> Governmental Authority *will be Allowed* against the Debtor *for taxes*, penalties,
> interest, additions to tax, or other charges arising out of the failure, if any, of the
> Debtor or any other Person or Entity to have paid tax or to have filed any tax
> return (including any income tax return) in or for any prior year or arising out of
> an audit of any return for a period before the Petition Date. [Italics added.]

Paragraph 12.02 of the plan provides:

> Pursuant to Section 1146(a) of the Bankruptcy Code, the making or delivery of
> any instrument of transfer pursuant to, in implementation of or as contemplated
> by the Plan, or t*he revesting, transfer, or sale* of any real or personal property of,
> by, or in the Debtor pursuant to, in implementation of or as contemplated by the

Plan, *will not be taxed* under any state or local law imposing a stamp tax, transfer tax, or similar tax or fee.  (Italics added.)

Paragraph 12.16 of the plan provides:

The transfer of any Property pursuant to the Plan, or the making or delivery of an instrument of transfer under the Plan, *shall not* (and the Confirmation Order shall so provide), *to the fullest extent permissible under Section 1146* of the Bankruptcy Code, be taxed under any law imposing a stamp tax, transfer tax, and/or other similar tax.

2.      Whether the transactions that occurred and will occur are exempt from taxation and whether a governmental authority may assert a tax claim for prior tax years need not be determined by the Court at confirmation and should be reserved until the Debtor files tax returns covering the respective transactions or the governmental authority asserts that it is owed a tax.

WHEREFORE, the United States Trustee respectfully requests that the Court sustain her objection and grant such other and further relief as the Court deems just.

Respectfully submitted,
Nancy J. Gargula
United States Trustee--Region 21

By: /s/BENJAMIN E. LAMBERS
    Benjamin E. Lambers
    Trial Attorney
    Fla. Bar No. 774197
    501 E. Polk Street, Suite 1200
    Tampa, FL
    (813)228-2000
    (813)228-2303--facsimile
    Ben.E.Lambers@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing objection to confirmation has been sent by electronic or regular U.S. Mail to the parties listed below on May 11, 2021.

The Producers, Inc.
c/o Michael Gardner
113 18th Street
Belleair Beach, FL 33786

Steven M Berman
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602

<u>/s/ Benjamin E. Lambers</u>
Attorney